UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN RANSOM,

        Petitioner,

v.                                             CASE NO. 09-12039
                                             HONORABLE GERALD E. ROSEN

PERCY CONERLY,

        Respondent.
_____/

### OPINION AND ORDER DENYING HABEAS CORPUS PETITION, DENYING PETITIONER'S MOTIONS FOR A STAY AND TO AMEND THE CAPTION, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner John Charles Ransom has filed a *pro se* habeas corpus petition challenging his plea-based convictions for second-degree murder and felony firearm. Also pending before the Court are Petitioner's motions to amend the caption for this case and to hold the habeas petition in abeyance. Petitioner claims that the factual basis for his guilty plea was inadequate and, therefore, his plea was invalid. This claim is not a ground for habeas corpus relief, and it would be an abuse of discretion to stay this case. Accordingly, the habeas petition and pending motions will be denied.

**I. Background**

Petitioner was charged in Wayne County, Michigan with first-degree murder, armed robbery, and felony firearm. The charges arose from the fatal shooting of Charles Roberts in Detroit on December 18, 2005. On April 13, 2006, Petitioner pleaded guilty to second-degree murder, Mich. Comp. Laws § 750.317, and felony firearm, Mich. Comp. Laws § 750.227b. In

return, the prosecutor dismissed the first-degree murder and armed robbery charges and withdrew a notice charging Petitioner with being a fourth felony offender. The plea agreement also called for a sentence of two years in prison for the felony firearm conviction, followed by twenty-three to forty-five years in prison for the murder.

On the date set for sentencing, Petitioner moved to withdraw his plea on the ground that he provided an insufficient factual basis for his plea at the plea proceeding. The trial court denied Petitioner's motion and sentenced Petitioner pursuant to the plea agreement.

Petitioner argued in an application for leave to appeal that the trial court erred in assessing attorney fees for his court-appointed attorney and in refusing to allow him to withdraw his guilty plea. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Ransom*, No. 277844 (Mich. Ct. App. June 12, 2007). Petitioner applied for leave to appeal in the Michigan Supreme Court, which remanded his case to the trial court for a determination of attorney fees based on Petitioner's ability to pay. The supreme court denied Petitioner's application in all other respects because it was not persuaded to review the remaining issue. *See People v. Ransom*, 481 Mich. 926; 751 N.W.2d 35 (2008).[1]

Petitioner filed his habeas corpus petition on May 27, 2009. The sole ground for relief alleges that Petitioner's guilty plea did not satisfy the factual basis needed for a conviction of second-degree murder. Respondent urges the Court to deny the petition on the ground that Petitioner's claim is not cognizable on habeas review.

**II. Discussion**

---

[1] Justice Maura D. Corrigan dissented from the portion of the order that remanded the case to the trial court for consideration of Petitioner's ability to pay attorney fees.

### A. The Pending Motions

#### 1. The Motion for a Stay

The Court begins its discussion by addressing Petitioner's pending motions. Petitioner seeks to hold this case in abeyance so that he can return to state court. He wants to "federalize" his existing claim, show that he is factually innocent of second-degree murder, and argue that the trial court abused its discretion in denying his motion to withdraw his guilty plea.

District courts may grant stays when a stay is a proper exercise of discretion. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Under the "stay and abeyance" approach taken by some courts, a habeas petition is stayed, instead of dismissed, while the inmate pursues state remedies for unexhausted habeas claims. *Id.* at 275. After the state court completes its review of the petitioner's claims, the federal court can lift its stay and allow the inmate to proceed in federal court. *Id.* at 275-76. This approach avoids having a subsequent habeas petition dismissed for failure to comply with the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Stay and abeyance are available only in limited circumstances, such as when (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) the petitioner is not engaged in abusive litigation tactics. *Rhines*, 544 U.S. at 277-78.

Petitioner does not appear to be engaged in abusive litigation tactics, but he has not alleged a valid reason for returning to state court. His allegations of factual innocence and abuse of discretion by the trial court in denying his motion to withdraw the guilty plea are just another way of arguing that the factual basis for his guilty plea was insufficient. Petitioner raised that issue on direct review of his convictions. Although the issue was raised under state law, it would

3

be pointless to "federalize" the claim, because the claim is not cognizable on habeas review. *See infra*, section II.B.2. The Court concludes that it would be an abuse of discretion to stay this case while Petitioner returns to state court. His claim is plainly meritless. Therefore, the motion for a stay [Dkt. #6] is **DENIED**.

### 2. The Motions to Amend the Caption

Petitioner's motions to amend the caption of this case allege that Petitioner has been transferred to a few different correctional facilities since filing his habeas petition. He seeks to amend the caption to reflect the name of the warden currently holding him in state custody. He also wants to be returned to Thumb Correctional Facility in Lapeer, Michigan, and he seeks an order directing state correctional officials to replace his typewriter, which they confiscated.

The "Motion to Amend Caption" [Dkt. #4] is **DENIED** as moot in light of the dismissal of the habeas petition. The "Motion to Amend Caption and Stop Harrassment (sic) by MDOC" [Dkt. #5] is **DENIED** because the allegations in that motion would be more appropriate in a civil rights action than in a habeas petition. The Court, moreover, "sees no reason on this record to intrude into the 'wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts.'" *Ali v. United States*, 743 F. Supp. 50, 50-51 (D. D.C. 1990) (quoting *Meachum v. Fano*, 427 U.S. 215, 225 (1976)).

### B. The Habeas Claim

The sole habeas claim alleges that the factual basis given for Petitioner's guilty plea was insufficient and therefore the trial court abused its discretion by denying Petitioner's motion to withdraw his guilty plea.

### 1. Standard of Review

Petitioner is entitled to the writ of habeas corpus only if the state court's adjudication of his claim on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

### 2. Application

Petitioner's challenge to the factual basis for his guilty plea lacks merit, because "there is no constitutional requirement that a trial judge inquire into the factual basis of a plea." *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975).

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

*United States v. Broce*, 488 U.S. 563, 569 (1989).

Petitioner was represented by counsel at his plea, and, after being advised of the terms of the plea agreement and the rights that he was waiving, he claimed that he was freely and voluntarily pleading guilty. (Tr. Apr. 13, 2006, at 16.) He explained to the trial court that the victim shot himself while the two of them wrestled for a gun. He then said, "[Y]ou guys say that's second degree murder and I'm admitting to it." (*Id*. at 18.) Although he claimed that he never intended to kill the victim, he did not deny possessing a gun or bringing the gun to the location where the altercation occurred. He also did not contest the prosecutor's argument that he (Petitioner) satisfied the intent element of second-degree murder by creating a high risk that someone would get hurt or killed. (*Id*. at 19.)

The Court concludes that Petitioner's guilty plea was voluntary and counseled. Therefore, his challenge to the factual basis for his plea is foreclosed.

### III.  Conclusion

The state courts' rejection of Petitioner's claim did not result in a decision that was contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. Accordingly, the petition for a writ of habeas corpus [Dkt. #1] is **DENIED**. As noted above, Petitioner's motions for a stay and to amend the caption likewise are **DENIED**.

### IV.  Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327

(2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not debate the Court's resolution of Petitioner's claim, nor conclude that the issue deserves encouragement to proceed further. The Court therefore **DECLINES** to issue a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).


          s/Gerald E. Rosen
          Chief Judge, United States District Court

Dated: January 29, 2010

### CERTIFICATE OF SERVICE

I hereby certify that on ____February 1, 2010____, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____Raina I. Korbakis; Brian O. Neill_____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
  _____John Ranson, #251580, Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, MI   49788____.

          s/Ruth A. Brissaud
          Ruth A. Brissaud, Case Manager
          (313) 234-5137